IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO.<br>)<br>) |
| (1) SEARS ROEBUCK AND COMPANY, | ) JURY TRIAL DEMAND<br>)<br>) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act, as amended, to correct unlawful employment practices against Mary Johnson on the basis of race, sex, and/or age, and in retaliation for engaging in protected activity, and to provide appropriate relief to Mary Johnson, who was adversely affected by such practices. Defendant Sears Roebuck and Company ("Defendant"), beginning in at least 2007, promoted younger, less experienced, white males instead of Mary Johnson, now age 51, an African American female and long-term employee of Defendant, and subjected her to less favorable terms and conditions of employment and ultimately terminated her in retaliation for her opposing such discrimination by filing charges with the Commission and participating in the agency's investigative process.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a, and Section (b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) ("ADEA"), which law incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Oklahoma and has continuously employed at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h), and Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Mary Johnson filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 2007, Defendant has engaged in unlawful employment practices against Mary Johnson, an African-American female, now age 51, who began working for Defendant in 1982, in violation of Section of Title VII and/or the ADEA, in that:

    (a) Defendant discriminated against Mary Johnson by promoting younger, less experienced, white males to loss prevention supervisor positions at its stores in the Oklahoma City area, instead of promoting Mary Johnson, because of her race, sex, and/or age, in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and/or Section 4(a) of the ADEA, 29 U.S.C. § 623(a);

    (b) Defendant retaliated against Mary Johnson for engaging in the protected activity of filing a charge in September 2007 with the Commission and participating in the Commission's investigative process by subjecting her to unfavorable terms and conditions of employment including heightened performance scrutiny, worsening performance evaluation scores, critical evaluation comments, disciplinary counseling and actions, failing to place her in another position when her job was eliminated in or about March 2010, and rendering her ineligible for severance compensation because she had filed a charge, and by terminating her employment on or about March 12, 2010, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) and/or Section 4(d) of the ADEA, 29 U.S.C. § 623(d).

8. The effect of the practices complained of in paragraph 7(a), above, has been to deprive Mary Johnson of equal employment opportunities and otherwise adversely affect her

employment status, because of her race, sex, and/or age, in violation of Title VII and/or the ADEA.

9. The effect of the practices complained of in paragraph 7(b), above, has been to deprive Mary Johnson of equal employment opportunities and otherwise adversely affect her employment status in retaliation for her engaging in protected activity, in violation of Title VII and/or the ADEA.

10. The unlawful employment practices complained of in paragraph 7(a) and (b), above, were intentional.

11. The unlawful employment practices complained of paragraph 7(a) and (b), above, were done with malice or reckless indifference to the federally protected rights of Mary Johnson.

12. The unlawful employment practices complained of in paragraph 7(a) and (b), above, were willful.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in unlawful employment practices which discriminate on the basis of race, sex, and/or age.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, racial minorities, and persons age 40 and over, to eradicate the effects of Defendant's past and present unlawful employment practices.

C. Order Defendant to make Mary Johnson whole by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief as necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make Mary Johnson whole by providing compensation for past, present, and future non-pecuniary injuries resulting from the unlawful practices complained of paragraph 7(a) and (b), above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Defendant to pay Mary Johnson punitive damages for its malicious and reckless conduct as described in paragraph 7(a) and (b), above, in an amount to be determined at trial.

F. Order Defendant to pay Mary Johnson liquidated for its willful conduct as described in paragraph 7(a) and (b), above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs for this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

BARBARA A. SEELY
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office

/s/Patrick J. Holman
PATRICK J. HOLMAN, OBA #21216
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 231-4363
(405) 231-5816 (fax)
patrick.holman@eeoc.gov

/s/ Rebecca S. Stith
REBECCA S. STITH
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7914
(314) 539-7895 (fax)
rebecca.stith@eeoc.gov